UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BAILEY,<br>Plaintiff<br>v.<br>WHIPLEY, et al.,<br>Defendants | Case No. 2:25-cv-02520-GMN-EJY<br>ORDER |

## I. DISCUSSION

### A. Motions to Recuse & Reassign (ECF Nos. 5, 6)

Plaintiff Anthony Bailey is a prisoner proceeding *pro se*. On July 2, 2025, the undersigned judge denied Bailey's Amended Petition for Writ of Habeas Corpus and denied a certificate of appealability; the Clerk of Court entered judgment accordingly. *See Bailey v. Williams*, 2:19-cv-01725-GMN-BNW at ECF Nos. 140, 141. The Ninth Circuit also denied a certificate of appealability. *Id.* at ECF No. 150.

Based on the undersigned judge's denial of his Amended Petition for Writ of Habeas Corpus, he seeks to have this case reassigned to a different judge. (*See generally* ECF Nos. 5, 6). Under federal law, a judge shall recuse herself where she has a "personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1); *see also* 28 U.S.C. § 144 (permitting a party to file an affidavit setting forth facts and reasons as to a judge's personal bias or prejudice). However, the U.S. Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and are more likely proper grounds for appeal rather than recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Additionally, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Bailey has not demonstrated any grounds for recusal or reassignment. The motions are

denied.

**B. Three Strikes**

In this case, Bailey submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") and an Application to Proceed *In Forma Pauperis*. (ECF Nos. 1, 1-1). However, on at least four prior occasions while incarcerated, Bailey has brought a court action or appeal that was dismissed on the grounds that it was frivolous.

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $405 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Dismissed appeals that rely on district court findings that the appeal was not taken in good faith are the equivalent of a finding of frivolity and therefore count as a strike under § 1915(g). *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (reaffirming *Knapp*'s holding that "two dismissed appeals counted as strikes because they relied on district court findings that the appeal [was] not taken in good faith, and lack of good faith in this context has been held to be equivalent to a finding of frivolity" (internal quotation marks and citation omitted)).

As articulated in U.S. District Judge Cristina Silva's three strikes order in *Bailey v. Williams et al*., 2:22-cv-00381-CDS-NJK, Bailey has accumulated at least four strikes before bringing this action. As explained by Judge Silva:

> On three separate occasions, the Ninth Circuit adopted the district court's finding that Plaintiff's appeal was not taken in good faith, denied him permission to proceed *in forma pauperis*, and then dismissed the appeal for failure to prosecute when he failed to pay the filing fee. *Bailey v. Gunderson et al*., No. 95- 17213, ECF Nos. 9, 14 (9th Cir. 1996); *Bailey v. Hunnell*, No. 98-15212, ECF Nos. 15, 17 (9th Cir. 1998); *Bailey v. Leonhardt et al.*, No. 02-16378, ECF Nos. 12, 15 (9th Cir. 2002). Each of these dismissals qualifies as a strike.

> …
>
> Plaintiff incurred a fourth strike on May 9, 2018, when a court in this district dismissed one of his civil rights actions "with prejudice because it [was] frivolous and cannot be cured by amendment." *Bailey v. Herndon*, No. 16-cv-02595, 2018 WL 2136356, at *1 (D. Nev. May 9, 2018).

*See* 2:22-cv-00381-CDS-NJK at ECF No. 4 at 2-3. On April 3, 2023, the Ninth Circuit agreed with Judge Silva's assessment and dismissed Bailey's appeal of that case because "[t]he district court [had] identified at least three actions or appeals that were dismissed on grounds enumerated in 28 U.S.C. § 1915(g)," thus, confirming Bailey's three-strike status. *See id*. at ECF No. 11.

In this action, Bailey filed his Complaint on December 18, 2025. (ECF No. 1-1). Accordingly, the question is whether, as of that date, Bailey was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In the Complaint, Bailey alleges that defendants engaged in a conspiracy to falsify his criminal charges in violation of his due process rights and challenges his judgment of conviction and conviction in general. (ECF No. 1-1). Bailey alleges that, due to the falsification of his judgment of conviction, he is suffering in prison from kidney failure and defendants will not replace his kidneys or pay for a kidney transfer even if he finds a donor. (*Id*.)

The Court finds that these allegations fail to plausibly allege that Bailey is in imminent danger of serious physical injury at the time of filing. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing). Instead, the Court finds that Bailey is attempting to challenge his judgment of conviction. If Bailey truly has an issue with his kidneys, he may initiate a new action by filing an application to proceed *in forma pauperis* and a civil rights complaint about his Eighth Amendment deliberate indifference to serious medical needs. If Plaintiff chooses to initiate such an action, the Court can then evaluate whether he is in imminent danger of serious physical injury based on his kidneys. However, Bailey may not use an ambiguous statement about his kidneys to circumvent

the imminent danger requirement to challenge his conviction. As such, the application to proceed *in forma pauperis* (ECF No. 1) is denied.

Moreover, the Court dismisses the entire action based on Bailey's allegations. The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, 830 F.3d 922, 927(9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). In *Wilkinson*, the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. at 81-82. As discussed above, Bailey is attempting to challenge his judgment of conviction; he cannot do so in a § 1983 action. The Court dismisses the Complaint in its entirety with prejudice as amendment would be futile.

///

///

///

///

///

///

## II. CONCLUSION

It is therefore Ordered that the Application to Proceed *In Forma Pauperis* (ECF No. 1) is denied.

It is further Ordered that the Motion to Reassign (ECF No. 5) and the Motion Requesting Chief Judge to Reassign (ECF No. 6) are denied.

It is further Ordered that the Complaint (ECF No. 1-1) is dismissed in its entirety with prejudice as amendment would be futile.

It is further Ordered that the Clerk of the Court close this case and enter judgment accordingly.

DATED: October 2, 2026.

Gloria M. Navarro, Judge
United States District Court